IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOYCE LANSFORD, ) | |
| ) | |
| Plaintiff, ) | Case No. 06-1473-HO |
| ) | |
| v. ) | ORDER |
| ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits. Plaintiff asserts disability beginning December 9, 2001, due primarily to back injuries with chronic pain and depression. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled.

1 - ORDER

Plaintiff contends the ALJ erred in: (1) rejecting plaintiff's testimony; (2) rejecting lay witness testimony; (3) rejecting the opinion of plaintiff's treating physician; (4) rejecting the opinion of plaintiff's pain management specialist; and (5) miscategorizing plaintiff's past work.

A.  Plaintiff's Credibility

Plaintiff testified that she injured her back in December of 2001 and has been in too much pain since that time to work.  Tr. 883.

The ALJ rejected plaintiff's testimony.  In rejecting a claimant's testimony, the ALJ must perform a two stage analysis. Smolen v Chater, 80 F.3d 1273, 1281 (9th Cir. 1996).  The first stage is the Cotton test.  Under this test, a claimant must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.  All that is required of the claimant is that she produce objective evidence of an impairment or impairments and show that the impairment or impairments could produce some degree of the symptoms alleged.  In addition, there must be no evidence of malingering.  A claimant need not show that the impairments in fact did cause the symptoms.  Id. at 1281-82.  The claimant need not produce objective medical evidence of the symptoms themselves or their severity.  Id. at 1282. Once a claimant produces evidence to

2 - ORDER

meet the Cotton test and there is no evidence of malingering, then the analysis moves to the second stage.

Plaintiff produced objective evidence of degenerative disc disease and degenerative joint disease. Tr. 39.

Under the second part of the analysis, the ALJ must analyze the credibility of a claimant's testimony regarding the severity of her symptoms. The ALJ can reject a claimant's symptom testimony only if he makes specific findings, stating clear and convincing reasons for doing so. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ cannot reject a claimant's symptom testimony solely because it is not fully corroborated by objective medical findings. Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986).

In determining a claimant's credibility the ALJ may consider, for example:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. . . . In evaluating the credibility of the symptom testimony, the ALJ must also consider the factors set out in SSR 88-13. . . . Those factors include the claimant's work record and observations of treating and examining physicians and other third parties regarding, among other matters, the nature, onset, duration, and frequency of the claimant's symptoms; precipitating and aggravating factors; functional restrictions caused by the symptoms; and the claimant's daily activities.

Smolen, 80 F.3d at 1284.

The ALJ found plaintiff's subjective complaints are

3 - ORDER

inconsistent with the objective findings. The ALJ noted that plaintiff's treating physician at the time, Dr. Craig Meyers, stated on December 13, 2001, that plaintiff's symptoms were a little bit dramatized and not consistent with objective findings. Tr. 34, 219. Dr. Meyers further reported on March 11, 2002, that plaintiff's actions appear to be very contrived and almost staged. Tr. 215. Dr. Meyers further opined that any decision not to return to work is self-imposed. Tr. 215.[1]

The ALJ also found plaintiff's allegations to be inconsistent with her daily activities. Tr. 35-36. Plaintiff's husband noted that plaintiff engages in needlework daily for three to four hours. Tr. 102. Such activity is inconsistent with plaintiff's stated capabilities. See Tr. 890, 892.

While plaintiff may disagree that the record reflects instances of exaggeration and inconsistencies, the ALJ's interpretation is rational and sufficiently supported by the record.

---

[1] Plaintiff's counsel labels Dr. Meyers ignorant, puzzled, and negligent. Plaintiff relies primarily on Dr. Meyers' failure to find a knee problem at a later date for which another doctor provided surgery. However, the record does support a finding of only mild degenerative disc disease. See Tr. 669, 675 (MRI shows minimal bulge); Tr. 198 (MRI shows mild lumbar degenerative disc changes). State agency physicians also opined that the severity of plaintiff's symptoms are disproportionate to the expected severity of plaintiff's impairments. See, e.g., Tr. 620. The ALJ may rely on Dr. Meyers' observations.

4 - ORDER

B.   Lay Testimony

In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work.  See Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993). Lay testimony regarding how an impairment affects ability to work is competent evidence and cannot be disregarded without comment. Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996).  To discount the testimony of lay witnesses, the ALJ must give reasons that are germane to each witness. Dodrill, 12 F.3d at 919.

Plaintiff argues that her husband's testimony also establishes disability.  However, the ALJ found the evidence, to the extent it conflicted with the medical evidence and also relayed plaintiff's exaggerated behaviors and symptoms, insufficient to establish disability.  The ALJ did not err in this regard.

C and D.  Treating Physician and Physician's Assistant

Dr. Vladimir Fiks opined that plaintiff is limited to sedentary work.  Dr. Fiks also supervised Physician's assistant Dmitriy Shore who opined that plaintiff is unable to return to work. The ALJ rejected the opinions.

Where an ALJ chooses to disregard the opinion of a treating physician, he must set forth clear and convincing reasons for doing so if the treating physician's opinion is not contradicted by another doctor.  Fife v. Heckler, 767 F.2d 1427, 1431 (9th Cir.

5 - ORDER

1985). If a treating physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). To meet this burden the ALJ must set out a detailed analysis and thorough summary of the facts and conflicting clinical evidence, state his interpretation thereof, and make findings. Embrey v Bowen, 849 F.2d 418, 421 (9th Cir. 1988).

The ALJ found Dr. Fiks and Shore's opinions to rely, in part, on plaintiff's subjective complaints and to lack objective support. Tr. 37. The ALJ also found the opinions inconsistent with plaintiff's reported activities. The ALJ further found the opinions inconsistent with other medical opinion. As noted above, the ALJ appropriately discounted plaintiff's subjective complaints and therefore appropriately discounted the medical opinions.

E.    Past Work

Plaintiff contends that her past relevant work should be classified at the medium or higher level of exertion. Plaintiff's past work included work in retail sales, picture framing, and furniture sales. While plaintiff argues her job duties included heavy work, the vocational expert opined that such work generally included only light duty and the ALJ found that there are

6 - ORDER

significant numbers of these jobs available in the national economy. See <u>Pinto v. Massanari</u>, 249 F.3d 840, 845 (9th Cir. 2001) (clamant must be able to perform the functional demands and job duties of the occupation as generally required by employers throughout the national economy).

The ALJ did not err in finding plaintiff could perform these jobs and is therefore not disabled.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is affirmed.

DATED this     28th     day of    November    , 2007.

                                          s/ Michael R. Hogan
                                        UNITED STATES DISTRICT JUDGE